UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD CRAIG KESSER,

    Petitioner,

    v.

STEVEN A. CAMBRA,

    Respondent.
_____/

No. C 96-3452 PJH

**ORDER DENYING PETITIONER'S REQUEST FOR RELEASE AND/OR DISMISSAL**

This is a habeas case filed by state prisoner Richard Kesser ("Kesser"). On September 11, 2006, the Ninth Circuit reversed this court's decision denying the writ. On October 20, 2006, after receiving the mandate from the Ninth Circuit, this court conditionally granted the writ and vacated Kesser's conviction. The court ordered that Kesser be released from custody "unless the state commence[d] proceedings to retry petitioner within 120 days" of the date that order was entered. In December 2006, the court appointed current counsel, William Weiner, to represent Kesser in the course of the federal habeas proceedings.

On May 18, 2007, Kesser filed a motion with this court requesting that it order the state court to release him from custody and/or dismiss the case based on its failure to commence his retrial within 120 days of entry of the order, which would have been February 20, 2007.[1] The state opposed the motion.

**DISCUSSION**

Kesser and co-defendants Stephen Duane Chiara and Jennifer Gayle Leahy were

---

[1] In his motion, Kesser erroneously states that 120 days would have been January 22, 2007.

all previously convicted by a state court jury of the first degree murder of Kesser's former wife. Following the Ninth Circuit's decision and this court's subsequent remand, Kesser and co-defendant Leahy are being retried jointly in a jury trial before the Humboldt County Superior Court on the first degree murder charges. The trial is currently set for July 9, 2007; however, the state commenced proceedings for retrial as early as November 15, 2006. The state court has continued the trial date several times between December 2006 and the present at the request of Kesser's trial counsel, Glenn Brown, and at the request of counsel for co-defendant Leahy.

Kesser's position in the instant motion is essentially that this court's order required the trial itself to commence no later than February 20, 2007. That, however, was not the court's intention, nor was it required by the October 20, 2006 order. The 120-day deadline set by this court was for the commencement of "*proceedings* to retry" Kesser. The court never contemplated that the retrial itself of a homicide case that is more than fifteen years-old and involves co-defendants would commence within 120 days. The court finds, based on the record before it, that the state has complied with its order by recharging Kesser, by obtaining a not guilty plea, and by setting a trial date in the case.

Accordingly, Kesser's motion for release and/or for dismissal is DENIED.

**IT IS SO ORDERED.**

Dated: May 30, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge